UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GNLV, CORP., <br><br> Plaintiff, <br><br> v. <br><br> SOUTHEAST AMUSEMENT, INC., et al., <br><br> Defendants. | Case No. 2:14-cv-00048-GMN-PAL <br><br> ORDER <br><br> (Mot. Transfer – Dkt. #42) |

The court held a hearing on August 7, 2014, on a Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) filed by Defendant Southeast Amusement, Inc. and Mikol Wilson (Dkt. #42), which was referred to the undersigned by the district judge. Laraine Burrell appeared on behalf of the Plaintiff, and Clyde DeWitt appeared on behalf of the moving Defendants. The court allowed Kory Kaplan to appear as a friend of the court on behalf of defaulted Defendants Kenneth R. Kampf, Sr., and Bonnie R. Kampf, individually and as Trustees of the Kenneth R. Kampf, Sr. and Bonnie R. Kampf Revocable Living Trust[1]. The court has considered the Motion, Plaintiff's Opposition (Dkt. #54), Defendants' Reply (Dkt. #58), a late-filed additional Exhibit (Dkt. #67) filing by moving Defendants, and the arguments of counsel at the hearing.

**BACKGROUND**

I.  **The Complaint and Procedural History.**

Plaintiff GNLV, Corp. ("GNLV"), a Nevada corporation, has asserted claims for trademark infringement and counterfeiting under 15 U.S.C. § 1114, unfair competition under 15

---

[1] A clerk's entry of default was entered as to the Kampfs as well as Defendants Bar of Gold and Robert Hutchison on June 27, 2014. *See* Clerk's Entry of Default (Dkt. #46). Plaintiff filed a Motion for Default Judgment and Motion for Preliminary Injunction (Dkt. ##47, 48) on July 8, 2014, which the district judge referred to the undersigned. Counsel for the Kampfs filed a Motion to Set Aside Default (Dkt. #64) on July 30, 2014, which the district judge also referred to the undersigned for decision.

1

1 U.S.C. 125(a), common law trademark infringement, deceptive trade practices under NRS 598.093, and intentional interference with prospective economic advantage. Complaint (Dkt. #1). The complaint seeks damages and injunctive relief.

GNLV is a Nevada corporation that operates the "Golden Nugget" resort hotel casinos in Las Vegas, Nevada, and Laughlin, Nevada. Complaint (Dkt. #1) ¶ 4. GNLV is a wholly owned subsidiary of Landry's, Inc. which owns and operates more than 400 restaurants nationwide. *Id.* Defendant Southeast Amusement, Inc. and Bar of Gold own and operate an illegal gaming hall out of a warehouse facility in Alvin, Texas. *Id.*, ¶5. On information and belief, Defendant Mikol Wilson is a resident of Texas and owns and controls Southeast Amusement, Inc., and Bar of Gold. *Id.* Defendants' gaming establishment offers approximately one hundred slot and video poker machines. *Id.*

Plaintiff alleges that the Defendants have infringed their federal mark and registrations to Golden Nugget for restaurant services, casino services, and for hotel and resort hotel services. *Id.* ¶ 7.

The complaint alleges that on December 7, 2013, Plaintiff became aware that Defendants were using the Golden Nugget mark in connection with an illegal gaming hall located inside a warehouse in Alvin, Texas, a suburb of Houston. *Id.* ¶¶ 12-13. A large banner featuring the Golden Nugget trademark and its exact design logo was outside the warehouse. Plaintiff seeks injunctive relief prohibiting the Defendants from using Plaintiff's trademark or confusingly similar variations, and registering, owning, leasing, selling or trafficking in any names containing the Plaintiff's trademarks or confusingly similar variations, an award of compensatory, consequential, statutory, special and punitive damages, and interest, costs and attorney's fees.

On February 11, 2014, the district judge held a hearing and granted Plaintiff's motion for preliminary injunction. *See* Minutes of Proceedings (Dkt. #15) and Preliminary Injunction (Dkt. #17). Defendants Mikol Wilson and Southeast Amusement, Inc. filed an Answer and Crossclaim (Dkt. #19) on February 23, 2014, and an Amended Answer and Amended Crossclaim (Dkt. #22) on March 3, 2014. Defendants Robert Hutchinson, Bar of Gold, Kenneth Kampf and Bonnie Kampf did not file an answer or make an appearance, and on June 26, 2014, Plaintiff applied for

entry of Clerk's default. *See* Motions (Dkt. ##43, 44, 45). On June 27, 2014, the Clerk entered default against these Defendants. *See* Clerk's Entry of Default (Dkt. #46).

## II.     The Parties' Positions.

The current motion to transfer was filed by Defendant Southeast Amusement, Inc. and Mikol Wilson June 25, 2014. Moving Defendants seek a transfer Pursuant to 28, U.S.C. § 1404(a) to the United States District Court for the Southern District of Texas, Galveston Division. Movants argue that the Plaintiff's proof in this case will consist of proof of: (1) Plaintiff's trademark ownership; (2) Defendants' direct or indirect use of the mark, and (3) damages, if the first two can be proven. Moving Defendants have admitted Plaintiff's ownership of the trademark in question. Movants argue the only question is whether they are or were in any way responsible for the infringing banner, and that all of the witnesses needed to establish their potential liability are located in Texas. Plaintiff's initial disclosures indicated that it cannot compute damages without further discovery of records in Defendants' possession. Moving Defendants understand that the measure of damages on which Plaintiff is relying are Defendants' alleged ill-gotten gains, and that Golden Nugget is not claiming any loss of revenue because this banner was displayed.

Under these circumstances, moving Defendants argue that this case should be transferred to the Galveston Division of the Southern District of Texas because all of the events at issue took place at or near Brazoria County, Texas which is in the Galveston division. Movants argue that the convenience of the parties, the convenience of the witnesses, and the interests of justice favor a transfer for several reasons. Movants also assert the court should not consider the convenience of counsel in evaluating whether the motion should be granted. Defendants claim that Plaintiff is forum shopping by filing this action in the District of Nevada because the parent company of Golden Nugget, Landry's Gaming, Inc., does business nationally, if not internationally. Nevada lacks any significant contact with the activities alleged in the complaint, and it will be more convenient for the witnesses who live in Brazoria County, Texas, to testify in nearby Galveston rather than in Las Vegas. Compulsory process will not be available to require these witnesses to attend and testify live at a trial in Las Vegas. Additionally, the court should consider the relative

3

1  means of the parties in deciding a motion to transfer. The Plaintiff is a "Goliath" in the gaming/restaurant/hospitality industry, and Southeast is a relatively small amusement-machine company.

4  Movants also ask the court to consider the "relative docket congestion" in this district versus the Southern District of Texas. Movants have obtained information from the Administrative Office of the United States Courts which indicates that in 2013, the time from filing to trial in civil cases in this district was 37.8 months, versus 19.8 months for the Southern District of Texas. Additionally, because Plaintiff is seeking injunctive relief, the court should consider which district will be "closer to the action" and better able to monitor compliance with any injunction that may be granted.

11  Plaintiff opposes the motion on various grounds. First, this motion is only brought by two of the five sets of Defendants, three sets of which have had clerk's defaults entered against them. Plaintiff requests that the court maintain jurisdiction over the defaulted Defendants to insure they are compliant with any judgment entered against them. Plaintiff believes that the motion to transfer seeks to divide the Defendants between jurisdictions and create two separate actions. Plaintiff has filed a Motion for Default Judgment (Dkt. #47) and Motion for Permanent Injunction (Dkt. #48) which are under submission to this court.

18  Plaintiff argues the case should remain in this court because the mark and registrations at issue are owned by GNLV Corp., not the parent company, Landry's Gaming Inc. GNLV is headquartered in Las Vegas, Nevada. The convenience of the witnesses should not be a factor in the court's determination because counsel for Plaintiff has agreed to take depositions of the Texas witnesses in Texas. Additionally, Plaintiff's counsel does not believe that any witnesses will need to appear at trial in Las Vegas.

24  There is no dispute that this court has subject matter jurisdiction or that venue in the District of Nevada is proper. Defendants' motion to transfer is based solely on the location of some of the witnesses in Texas. However, Plaintiff argues that Defendants have failed to establish that Texas is a more convenient forum, balancing the interests of the parties, and that Plaintiff's choice of venue should not be disturbed. Plaintiff also argues that the moving

4

1  Defendants' motion is untimely as the parties and facts of this case were known to Defendants
2  months ago.  The moving Defendants were served with summons and complaint January 16,
3  2014, and knew at that time where their own witnesses would be.  Plaintiff served initial
4  disclosures May 5, 2014, but movants waited until the end of June 2014, after filing answers and
5  counterclaims, to file this motion to transfer.

6  Plaintiff disputes that it is forum shopping and accuses the moving Defendants of forum
7  shopping.  In this case, the Golden Nugget mark and registrations at issue are owned by GNLV,
8  which is headquartered in Las Vegas, and has used the mark here for almost seventy years.  The
9  evidence concerning GNLV's adoption and use of the mark, including the specific design mark
10 at issue is in Nevada, and Plaintiff's choice of forum is entitled to deference.  The sole rationale
11 for the transfer is to create more convenience for witnesses, the majority of whom have failed to
12 appear in this action and have been defaulted.  In cases with multiple parties or claims, the court
13 cannot transfer part of the case while retaining jurisdiction over other claims or parties.  Plaintiff
14 contends that transferring this action to another venue would be inefficient and unnecessary, and
15 not in the best interests of the parties, and requests that the court deny the motion.

16 Movants reply that in May 2013, Bar of Gold's owner, Bob Hutchison, asked Southeast
17 to move its machines out of the warehouse in Alvin, Texas, which it did in June 2013.  Six
18 months later it finds itself sued because Plaintiff's "functionaries noticed a Golden Nugget
19 banner hanging on the front of Bar of Gold."  Defendant Wilson made a special trip to Alvin,
20 Texas, after being served and verified that the Golden Nugget banner was indeed there, contacted
21 Hutchison, explained it was best to remove the sign, and Hutchison removed the sign.  There is
22 no dispute that the Golden Nugget owns the trademark, which is a well-known mark, and the
23 entire trial will be about the date when the banner was hung, who put it there, and maybe who
24 manufactured and sold it to Bar of Gold.  All of these events occurred in Brazoria County, Texas,
25 and this case should therefore be transferred there.

26 Moving Defendants dispute that they are attempting to create two different lawsuits, and
27 accuse the Plaintiff of trying to divide this lawsuit in half by seeking defaults against the
28 Defendants that did not appear, and then proceeding separately against the moving Defendants.

5

1    Moving Defendants also suggest that this court may not have personal jurisdiction over
2 them in light of the Supreme Court's recent holding in *Walden v. Fiore*, -- U.S. --, 134 S. Ct.
3 1115 (Feb. 25, 2014). A transfer to Texas will avoid personal jurisdiction issues.

4    Additionally, the reply points out that Plaintiff did not address arguments concerning the
5 public policy issue raised in the motion that Texas is a better jurisdiction to enforce an injunction
6 because it is the court "closer to the action." Movants reiterate that that the only controversy in
7 this case involves who put the sign up on a bar in Alvin, Texas, when it was put up, who
8 operated the bar, and whether Movants, who are all Texans, had anything to do with it. Thus, the
9 interests of justice are better served if this action "is litigated in the forum that encompasses the
10 locus of operative facts and thus may have a particular interest in the proper resolution of the
11 dispute." The place of the alleged wrong is an important factor in venue determinations, and all
12 of the operative facts arise out of conduct in Texas.

13    Movants also dispute that the motion is untimely because the pleadings did not close until
14 March 30, 2014, the scheduling order was not entered until April 17, 2014, and this motion was
15 filed the same day Movants filed their responses to Plaintiff's request for admissions. Finally,
16 Plaintiff has not and cannot show that it will be prejudiced if this case is transferred to the
17 Southern District of Galveston which is a "profoundly less busy district" than this court with its
18 "dizzying caseload."

## DISCUSSION

20    The motion to transfer did not raise any issue concerning this court's personal jurisdiction
21 over moving Defendants, who have not filed a motion to dismiss for lack of personal
22 jurisdiction. The court will therefore not consider personal jurisdiction arguments raised for the
23 first time in Movant's reply brief. The district judge's Preliminary Injunction Order (Dkt. #17)
24 found that Defendants were given notice of the hearing by personal service of the notice of
25 hearing, and also personally served with summons and complaint and the application for
26 preliminary injunction and supporting declaration. The Defendants failed to respond to the
27 motion or appear at the hearing. The order specifically found that the court had personal

jurisdiction over the Defendants "in that they committed tortious acts that they knew or should have known would cause injury to Plaintiff in the state of Nevada." (Dkt. #17) ¶ 2.

28 U.S.C. § 1404(a) authorizes the court to order a change of venue. It provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought, or in any district or division to which all parties have consented.

Section 1404(a) "partially displaces the common law doctrine of *forum non conveniens*." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Section 1404(a) was drafted to permit change of venue between federal courts. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981). The statute was intended to be a revision rather than a codification of the common law. *Id*. District courts have more discretion to transfer under Section 1404(a) than they do in dismissing on grounds of forum non conveniens. *Id.*

A decision to grant a transfer under 1404(a) is left to the sound discretion of the district court. *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964). The Ninth Circuit reviews a district court's decision to grant or deny a motion to transfer venue under § 1404(a) for abuse of discretion. *Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007). Weighing the factors for and against transfer involves subtle considerations best left to the discretion of the trial court. *Id.* (citing *Commodity Teachers Trading Comm'n v. Savage,* 611 F.2d 270, 279 (9th Cir. 1979)). Appellate courts have overridden a trial court's decision not to transfer under § 1404(a) "only in rare instances." *Savage,* 611 F.2d at 279.

Section 1404(a) requires the court to weigh three statutory factors: the convenience of parties, the convenience of witnesses, and the interests of justice. The statute "reflects an increased desire to have federal civil suits tried in the federal system at the place called for in the particular case by consideration of convenience and justice." *Van Dusen,* 376 U.S. at 618. The purpose of the statute is "the individualized, case-by-case consideration of convenience and fairness." *Id*. at 622. A defendant must make a strong showing of inconvenience to warrant upsetting a plaintiff's choice of forum. *National Union Fire Ins. Co. of Pittsburgh, PA v. Simpson Manufacturing Co.*, 859 F. Supp. 2d 914, 927 (D. Haw. 2011). *See* also *Caguas*

1  *Lumber Yard, Inc. v. Ace Hardware Corp.*, 827 F. Supp. 2d 76, 80 (D.P.R. 2011) ( stating in a
2  motion to transfer under § 1404(a), there is a presumption in favor of Plaintiff's choice of forum,
3  the federal courts utilize different factors to decide a motion for transfer and the party seeking
4  transfer has the burden of proof.).

5        A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors in
6  its determination whether transfer is appropriate in a particular case. *Stewart Org. v. Ricoh*
7  *Corp.,* 487 U.S. 22, 29 (1988).  In *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir.
8  2000), the Ninth Circuit gave examples of the factors the court may consider: (1) the location
9  where relevant agreements were negotiated and executed; (2) the state that is most familiar with
10 the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the
11 forum; (5) the contacts relating to the Plaintiff's cause of action and the chosen forum; (6) the
12 differences in the cost of litigation in the two forums; (7) the availability of compulsory process
13 to compel attendance of unwilling, non-party witnesses; and (8) the ease of access to sources of
14 proof.  In *Jones* the court also concluded "that the relevant public policy of the forum state, if
15 any, is at least as significant a factor in the § 1404(a) balancing." *Id.*  The public policy of the
16 forum is a factor that the court should weigh in its § 1404(a) "interest of justice" analysis, but is
17 not a dispositive factor. *Id.* at n.21.  The burden is on the Defendants seeking transfer of venue
18 to show that another federal district is the more appropriate forum for the action. *Id.* at 499.

19       The Seventh Circuit has held that "where the balance of convenience is a close call,
20 merely shifting inconvenience from one party to another is not a sufficient basis for transfer."
21 *Research Automation, Inc. v. Schrader-Bridgeport Intern., Inc.,* 626 F.3d 973, 978 (7th Cir.
22 2010).

23       The Ninth Circuit has held that plaintiff's choice of forum should "rarely be disturbed."
24 *Loya v. Starwood Hotels & Resorts Worldwide, Inc.*, 583 F.3d. 656 (9th Cir. 2009) (affirming the
25 district judge's dismissal of claims arising out of the death of a Washington resident while scuba
26 diving off the Coast of Mexico on forum non conveniens grounds).

27       Plaintiff filed this action in the unofficial southern division of the District of Nevada in
28 Las Vegas where it is headquartered and has done business using the mark and design logo

"Golden Nugget" for seventy years.  Moving Defendants would prefer venue in their home town. There is a presumption in favor of Plaintiff's choice of forum, and the court finds that moving Defendants have not met their burden of establishing that considerations of convenience and fairness warrant a transfer of venue under § 1404(a).

Movants claim Nevada is an inconvenient forum while the Southern District of Texas, Galveston Division would be more convenient because most of the witnesses reside in Texas. The motion to transfer is supported by Plaintiff's initial disclosures which list eight witnesses: a person most knowledgeable from GNLV, Corp, a person most knowledgeable from Southeast Amusement, a person most knowledgeable from Bar of Gold, individual Defendants Wilson, Hutchison, Kenneth Kampf and Bonnie Kampf, and Plaintiff's investigator.  The addresses of the person most knowledgeable from Southeast Amusement and Defendant Wilson are "care of Clyde DeWitt," the Las Vegas office of counsel for the Movants.  Four other witnesses are defaulted Defendants.  The Kampfs have now retained counsel and filed a motion to set aside the default.  However, the Bar of Gold and its principle, Robert Hutchison, have not yet appeared.  It is unknown whether these witnesses will be found and compelled to testify.  Counsel for Plaintiff has agreed to take the depositions of the Texas witnesses and parties in Texas where they reside. Therefore, the witnesses who reside in Texas will not be inconvenienced any more than any witness is inconvenienced by being required to appear for a deposition in the district where they reside. Counsel for the movants is licensed in Nevada, California and Texas.  The movants do not claim that they lack the financial wherewithal to retain counsel to litigate in this forum, or that it would be a financial hardship for them to appear at trial in Nevada.

Moving Defendants' argument that the Plaintiff is a "Goliath" in the industry while Southeast is a "relatively small amusement-machine company" is not a sufficient basis to overcome Plaintiff's choice of forum, or meet Movants' burden to establish transfer is necessary for the convenience of the parties.

Plaintiff has asserted state law claims for deceptive trade practices under NRS 598.093, and the state tort of intentional interference with prospective economic advantage.  This district is more familiar with governing state law than moving Defendants' preferred forum.  The

9

1  relative caseload and time to disposition of the two districts weighs in favor of the movants.  It
2  is tempting to "box the whole file up and ship it to Texas" as counsel for Movants argued the
3  court should do at the hearing.  However, the public policy interests of Nevada are superior to
4  those of the Southern District of Texas because gaming is its primary industry.  The mark and
5  registrations have been used here for decades.  The witnesses knowledgeable about how the
6  Golden Nugget's mark and logo appeared on a banner outside "an illegal gaming hall" according
7  to Plaintiffs, or a bar with amusement games according to Movants, are in Texas.  However, the
8  tortious conduct alleged in the complaint is directed to a Nevada Plaintiff.

In short, weighing the factors for and against transfer, the court finds that Movants have not met their burden of establishing Nevada is an inconvenient forum, and that the Southern District of Texas is a more appropriate forum.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) (Dkt. #42) is **DENIED**.

DATED this 13th day of August, 2014.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE